

**FILED**
**NOVEMBER 26, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6615**

| | | |
|---|---|---|
| CHANITHA WILLIAMS; | ) | |
| LATRICE WILLIAMS; | ) | |
| CHATRICE WILLIAMS, a minor, | ) No. | |
| by and through Chanitha Williams, | ) | |
| her mother and next best friend; | ) | **JUDGE HIBBLER** |
| CHAKITA WILLIAMS, a minor, | ) | **MAGISTRATE JUDGE VALDEZ** |
| by and through Chanitha Williams, | ) | |
| her mother and next best friend; and | ) | |
| CHAKYRA JOHNSON, a minor, | ) | |
| by and through Chanitha Williams, | ) | |
| her mother and next best friend; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) Judge | |
| | ) Magistrate Judge | |
| CITY OF CHICAGO, | ) | |
| A Municipal Corporation; and | ) Jury Demand | |
| Unknown Chicago Police Officers | ) | |
| John Does and Jane Roes 1-10; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are United States citizens, and residents of Chicago, Illinois.

5. CHATRICE WILLIAMS, CHAKITA WILLIAMS, and CHAKYRA JOHNSON are minors. On the date of the incident alleged below, CHATRICE WILLIAMS was 12 years-

old, CHAKITA WILLIAMS was 8 years-old, and CHAKYRA JOHNSON was 6 years-old.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

9. On or about October 31, 2006, at approximately 3:15 p.m., Plaintiff CHANITHA WILLIAMS was at her home located at 4455 West Jackson, apartment 3, in Chicago, along with her sister Plaintiff LATRICE WILLIAMS, her children Plaintiffs CHATRICE WILLIAMS, CHAKITA WILLIAMS, and CHAKYRA JOHNSON, and other persons.

10. While sitting in the home getting ready to go trick-or-treating for Halloween, Plaintiff CHANITHA WILLIAMS heard banging at her backdoor.

11. CHANITHA WILLIAMS went to her backdoor and heard somebody say, "Open the door, we're the fucking police!"

12. When CHANITHA WILLIAMS started to open the door, the Defendant-Officers violently kicked in the door.

13. The door struck CHANITHA WILLIAMS in the face.

14. Defendant-Officers entered CHANITHA WILLIAMS's home.

15. The Defendant-Officers entered the home with their guns drawn and pointed at Plaintiffs CHANITHA WILLIAMS, LATRICE WILLIAMS, CHATRICE WILLIAMS, CHAKITA WILLIAMS, and CHAKYRA JOHNSON.

16. After the Defendant-Officers forcibly entered the home with their guns drawn, Plaintiffs were seized and not free to leave.

17. Plaintiffs had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that the Plaintiffs had violated, or were about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search the Plaintiffs.

18. After the Defendant-Officers entered the home, they began to search and ravage the living area, and other rooms including closets.

19. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search CHANITHA WILLIAMS's home.

20. As a result of the search, Defendant-Officers did not find any weapons, narcotics, or any evidence of any illegal activity.

21. Defendant-Officers ordered the Plaintiffs to the ground at gunpoint.

22. The Plaintiffs complied.

23. The children were frightened and crying for much of the time that the Defendant-Officers were in the home.

24. CHANITHA WILLIAMS asked the Defendant-Officers why they were in her home.

25. A Defendant-Officer, wearing a white shirt, pushed CHANITHA WILLIAMS and told her to shut up.

26. After the incident, CHANITHA WILLIAMS received medical attention for injuries to her face and eye.

27. Plaintiff CHANITHA WILLIAMS made a complaint about the Defendant-Officers misconduct to the Office of Professional Standards.

28. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses and property damage.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

30. Plaintiffs reallege paragraphs 1 through 29 as if fully set forth herein.

31. Defendant-Officers did not have a lawful basis to stop or seize the Plaintiffs.

32. The actions of Defendant-Officers in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

33. Plaintiffs reallege paragraphs 1 through 29 as if fully set forth herein.

34. The actions of Defendant-Officers in pointing their guns at Plaintiffs violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Home)

35. Plaintiff CHANITHA WILLIAMS realleges paragraphs 1 through 29 as if fully set forth herein.

36. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search CHANITHA WILLIAMS's home.

37. The actions of Defendant-Officers in searching CHANITHA WILLIAMS's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff CHANITHA WILLIAMS asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

38. Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

39. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiffs demand trial by jury on all counts.**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiffs*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595