IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHANITHA WILLIAMS; LATRICE WILLIAMS; CHATRICE WILLIAMS; a minor, by and through Chanitha Williams, her mother and next best friend; CHAKITA WILLIAMS, a minor, by and through Chanitha Williams, her mother and next best friend; and CHAKYRA JOHNSON, a minor, by and through Chanitha Williams, her mother and next best friend,<br><br>            Plaintiffs,<br><br>   v.<br><br>CITY OF CHICAGO, a Municipal Corporation; and UNKNOWN CHICAGO POLICE OFFICERS JOHN DOES and JANE ROES 1-10,<br><br>            Defendants. | No.   07 C 6615<br><br>JUDGE HIBBLER<br><br>Magistrate Judge Valdez<br><br><br>JURY DEMAND |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's Complaint and states:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

ANSWER: Defendant City admits that this purportedly is an action for money damages brought pursuant to 42 U.S.C. § 1983. The City denies that the United States Constitution provides Plaintiffs with a direct cause of action.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

ANSWER:    Defendant City admits the allegations contained in this paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny whether the claims arose in this district as alleged below, but admits venue would be proper if the claims arose in this district as alleged below.

**Parties**

4. Plaintiffs are United States citizens, and residents of Chicago, Illinois.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

5. Chatrice Williams, Chakita Williams, and Chakyra Johnson are minors. On the date of the incident alleged below, Chatrice Williams was 12 years-old, Chakita Williams was 8 years-old, and Chakyra Johnson was 6 years-old.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

7. The Defendant-Officers are sued in their individual capacities.

ANSWER:     Defendant City admits the allegations contained in this paragraph.

8. The City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

ANSWER:     Defendant City admits it is a municipal corporation, duly incorporated under the laws of the State of Illinois. Defendant City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

## Facts

9. On or about October 31, 2006, at approximately 3:15 p.m., Plaintiff Chanitha Williams was at her home located at 4455 West Jackson, apartment 3, in Chicago, along with her sister Plaintiff Latrice Williams, her children Plaintiffs Chatrice Williams, Chakita Williams, and Chakyra Johnson, and other persons.

ANSWER:     Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

10. While sitting in the home getting ready to go trick-or-treating for Halloween, Plaintiff Chanitha Williams heard banging at her backdoor.

ANSWER:     Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

11. Chanitha Williams went to her backdoor and heard somebody say, "Open the door, we're the fucking police!"

ANSWER:     Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

12. When Chanitha Williams started to open the door, the Defendant-Officers violently kicked in the door.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

13. The door struck Chanitha Williams in the face.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

14. Defendant-Officers entered Chanitha Williams's home.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

15. The Defendant-Officers entered the home with their guns drawn and pointed at Plaintiffs Chanitha Williams, Latrice Williams, Chatrice Williams, Chakita Williams, and Chakyra Johnson.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

16. After the Defendant-Officers forcibly entered the home with their guns drawn, Plaintiffs were seized and not free to leave.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

17. Plaintiffs had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that the Plaintiffs had violated, or were about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search the Plaintiffs.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

18. After the Defendant-Officers entered the home, they began to search and ravage the living area, and other rooms including the closets.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

19. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Chanitha Williams's home.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

20. As a result of the search, Defendant-Officers did not find any weapons, narcotics, or any evidence of any illegal activity.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

21. Defendant-Officers ordered the Plaintiffs to the ground at gunpoint.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

22.    The Plaintiffs complied.

ANSWER:    Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

23.    The children were frightened and crying for much of the time that the Defendant-Officers were in the home.

ANSWER:    Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

24.    Chanitha Williams asked the Defendant-Officers why they were in her home.

ANSWER:    Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

25.    A Defendant-Officer , wearing a white shirt, pushed Chanitha Williams and told her to shut up.

ANSWER:    Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

26.    After the incident, Chanitha Williams received medical attention for injuries to her face and eye.

ANSWER:    Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

27. Plaintiff Chanitha Williams made a complaint about the Defendant-Officers misconduct to the Office of Professional Standards.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

28. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses and property damage.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

## COUNT I

### (42 U.S.C. § 1983 - Unreasonable Seizure)

30. Plaintiffs reallege paragraphs 1 through 29 as if fully set forth herein.

ANSWER: Defendant City realleges it's answers to paragraphs 1 through 29 as if fully set forth herein.

31. Defendant-Officers did not have a lawful basis to stop or seize the Plaintiffs.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

32. The actions of Defendant-Officers in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

## COUNT II

### (42 U.S.C. § 1983 - Excessive Force)

33. Plaintiffs reallege paragraphs 1 through 29 as if fully set forth herein.

ANSWER: Defendant City realleges it's answers to paragraph 1 through 29 as if fully set forth herein.

34. The actions of Defendant-Officers in pointing their guns at Plaintiffs violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

ANSWER: Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

## COUNT III

### (42 U.S.C. § 1983 - Illegal Search of Home)

35. Plaintiff Chanitha Williams realleges paragraphs 1 through 29 as if fully set forth

herein.

ANSWER:   Defendant City realleges it's answers to paragraphs 1 through 29 as if fully set forth herein.

36.   The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Chanitha Williams's home.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

37.   The actions of Defendant-Officers in searching Chanitha Williams's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

## COUNT IV

### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

38.   Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

ANSWER:   Defendant City realleges it's answers to paragraphs 1 through 37 as if fully set forth herein.

39.   The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

ANSWER:   Defendant City lacks knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

40.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the actions of the Defendant-Officers.

ANSWER:    Defendant City states that Plaintiff's allegation that pursuant to the Illinois Tort Immunity Act, Defendant City of Chicago is liable for any judgments in this case arising from the actions of the Defendant-Officers is a vague, incomplete, and/or incorrect statements of the nature of the City's liability under Illinois Law; therefore, this allegation is denied.

## AFFIRMATIVE DEFENSES

1.     The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2.     Defendant City is not liable to Plaintiffs if its employees or agents are not liable to the Plaintiffs. 745 ILCS 10/2-109 (2006).

3.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against the City by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

6.      To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to any of the Plaintiffs by the jury in this case.

7.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of any of the Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to any of the Plaintiffs by the jury in this cause.

**JURY DEMAND**

Defendant City of Chicago requests trial by jury.

            Respectfully submitted,

              MARA S. GEORGES,
              CORPORATION COUNSEL
              CITY OF CHICAGO

          By:  /s/ Rita Moran
              RITA MORAN
              Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866 Ofc.
(312) 744-3989 Fax
Attorney No. 06270301